Morris Weinfeld, J.
Defendant is charged with violation of section 436-1.0 of the Administrative Code of the City of New York, in that he operated a cabaret without first obtaining the required license therefor.
The pivotal inquiry here is whether the premises were used and operated as a “ cabaret ” as defined by paragraph 3 of the cited statute which reads as follows: “ 3. the word ‘ cabaret ’ shall mean any room, place or space in the city in which any musical entertainment, singing, dancing or other similar amusement is permitted in connection with the restaurant business or the business of directly or indirectly selling to the public food or drink.”
While the court is mindful of ‘ ‘ that principle of construction, which is coeval with municipal law, that purely statutory offenses cannot be established by implication, and that acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal” (People v. Phyfe, 136 N. Y. 554, 559), it is reluctantly constrained to find defendant guilty for the reason that he coneededly failed to obtain the prescribed license, and operated his premises as a cabaret, within the statutory definition.
Defendant owns and operates what is popularly known as a “ coffeehouse ” in the Greenwich Village section of New York County. He has procured a restaurant license for the premises, and does not sell alcoholic beverages.
The proof established that music and singing are furnished, or permitted, during business hours. Defendant contends that since no food or beverages are served during such periods of entertainment, he is not cast in violation of the statute — a contention which appears to be a non sequitur and irrelevant.
It is undenied that food and beverages are served in the premises to the general public, and that the premises are conducted as a restaurant. Nor is it denied that musical entertainment and singing are permitted while the patrons consume food and beverages. Indeed, the proof established that contemporaneous with the police incursion which resulted in the *551 present charge, musical entertainment and singing were in progress while food and drink were "being consumed, thus placing the premises and defendant squarely within the ambit and proscription of the statute.
The court is not unmindful of the opinion of his learned colleague in the case of People v. Charles Ziegler (Index No. 8631-1960). However, there, entertainment was furnished to the general public without any charge, direct or indirect. Not only was there no requirement to purchase food or beverages; none could be purchased during the entertainment period. More to the point are cases such as People v. Feldman (178 Misc. 322) and People ex rel. Dell v. Greenberg (174 N. Y. S. 2d 803).
The fact that the transgression here was innocuous, or perhaps socially desirable, is not an appropriate consideration. The New York Times of April 19,1961, contains an article by Arthur Gelb depicting the development of a comic to stardom as the result of opportunity offered in Greenwich Village coffeehouses. It is indicated in such article that coffeehouses may sometimes be the means for the development of wholesome and desirable entertainment, which ‘ ‘ cabarets ’ ’, as used in the popular sense, may require more off-color and sophisticated performances.
However, such matters are not appropriate considerations for the court. If the law is to be changed, it should be on the basis of legislative enactment rather than tortured judicial construction. Defendant is found guilty.